# Remington *versus* Morris.

1. If parties agree to try under the compulsory arbitration law, or before a jury, matters which could not be so determined without mutual consent, the award or the verdict is not bad for that reason.

2. Where parties submit a pending cause to referees for final decision, they may stipulate to let them decide at the same time other disputes, outside of the cause.

3. The reference of a cause which would be otherwise good, under the 6th section of the Act of 1836, is not taken out of that act by an agreement to permit other matters to be considered by the same referees at the same time.

ERROR to the Court of Common Pleas of *Montgomery county.*

*Fox,* for plaintiff in error.

*B. M. Boyd,* for defendant in error.

The facts of the case are sufficiently stated in the opinion of the court, delivered by

BLACK, J.—This was an action on the case for disturbing a water right. When it was just ready for trial, before a struck jury, the parties agreed that it should be referred to arbitrators. The submission was entitled in the case, filed and docketed in the case, the arbitrators were chosen in the case, the award was entered in the case, but the defendant objected to a judgment being entered thereon, because, among other things, the agreement was, to submit all matters in controversy between the parties, of what matter or kind soever.

It must be carefully borne in mind, that we have no authority to go beyond the record to find reasons for setting aside an award; I use the word record in its strictest sense; it consists of those proceedings which, under a more regular system than ours, would be enrolled, the writ, docket entries, pleadings, submission, award and judgment. We cannot judicially know, whether or not there were other actions, or causes of action, between the parties. We are ignorant of the evidence given by either side, and know nothing of the subject in controversy, except what the pleadings disclose. If it be all regular on its face, we look no further. What the Court of Common Pleas might do on evidence outside of the record, to prove misbehavior or mistake by the referees, and what our power to review their decision in such a matter might be, are questions which do not arise here, for it does not appear that any evidence of that kind was heard or offered. We have before us a cause submitted to referees, who awarded to the plaintiff $200. But it is said to be all wrong, because the submission might cover other matters as well as those legally at issue in the action. This makes no difference.

[Remington *v.* Morris.]

If parties agree to try under the compulsory arbitration laws, or before a jury, matters which could not be so determined without mutual consent, the award or the verdict is not bad for that reason. By the plainest analogy, when they submit a pending cause to referees for final decision, they may stipulate to let them decide at the same time, other disputes outside of the cause.

The referees may, or may not have confined their investigation to the issue formed in this cause; if they did, we presume there was nothing else to examine; if they did not, they determined rightly upon all they heard. Either way the award is consistent enough with the submission.

But, says the plaintiff in error, the court had no right to give judgment on the award, because this was not a reference under the 6th section of the Act of 1836; that section provides for the reference of a suit to persons mutually chosen by the parties, and authorizes the court to enter judgment on the award, if it be according to the submission. Here was a suit in court; it is vain to say that the reference did not embrace it; there was no necessity for a formal rule, the whole agreement was within the act, unless it be taken out by the use of the words, "all matters in controversy between the parties," instead of saying that the submission should be confined strictly to the issue in that suit. But we are bound by authority as well as by a regard for common justice, to hold, that the reference of a cause which would be otherwise good under the 6th section of the Act of 1836, is not taken out of that act by an agreement to permit other matters to be considered by the same referees at the same time.

We are not to be understood as deciding that the true construction of this agreement amounts to more than a submission of the matters disputed in the suit. We assume, for the argument's sake, that it includes all other controversies between the parties. Still it is a good submission under the law, and the award is one on which it was the duty of the court to give judgment. If either party had produced proof to the court that the arbitrators refused to hear or decide anything but what concerned the single action in which the agreement was entitled, then a construction of the submission would have become necessary, and perhaps it would have been proper to set aside the award. * * *. But all things are presumed to have been rightly done.

It is alleged that this award is uncertain, and not final. If either party doubts its formality, let him attempt to try the cause over again, and he will probably be convinced of his mistake. As to certainty, what can be more certain than the precise sum of $200?

Judgment affirmed.